PEOPLE ex rel. BUCKHOLZ v. WARTA, Town Clerk (two cases).

(Supreme Court, Appellate Division, Second Department. March 26, 1913.)

ELECTIONS (§ 120*)—TOWN ELECTIONS—ELECTION LAW—PRIMARY.

> Election Law (Birdseye's Cumming & G. Consol. Laws Supp. 1911, pp. 184, 203) § 2, defines a convention, and declares that a primary is any other assemblage of voters of a political party or independent party duly convened for nominating candidates for public office. Section 45 declares that in a year when a President and Vice President of the United States are to be elected the tenth Tuesday, and in other years the seventh Tuesday, before the day of general election, shall be known as the annual

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

primary day, except in cities containing a population of 1,000,000 or over, and in such cities in a year when a Governor is to be elected the eighth Tuesday, and in any other year the sixth Tuesday, shall be known as the annual primary day, and in all cities and villages to which the article is applicable each party shall on such day hold primary elections for specified purposes. *Held*, that such sections are to be read together, and that, while article 4 of the law does not control generally as to nominations for town, village, and school district officers, yet section 45, subd. 4, providing for the election of alternates to delegates in case the rules and regulations of a party shall so provide, is within the saving clause in the first sentence of section 2, "except as otherwise herein provided," and therefore prescribes the nominating procedure for town, ward, and village officers.

[Ed. Note.—For other cases, see Elections, Dec. Dig. § 120.*]

Appeal from Special Term, Nassau County.

Proceedings by the People, on the relation of George L. Buckholz, against Charles Warta, Jr., Clerk of the Town of Babylon. From orders of the Special Term in·favor of respondent, relator appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and STAPLETON, JJ.

Raymond C. Haff, of Amityville, for appellant.
Samuel P. Hildreth, of Amityville, for respondent.

PER CURIAM. Under the urgent circumstances and in accord with the desire of the parties, we will regard these proceedings as if in form proper for summary relief, in order to dispose of this matter upon the merits, but without intention to make a precedent so far as the present procedure in court is concerned. We think that sections 2 and 45 of the Election Law (8 Birdseye's Cumming & G. Consol. Laws Supp. 1911, pp. 184, 203) may be read together, and that the intent of the act is that, while the provisions of article 4 of the law are not controlling generally as to nominations for town, village, and school district officers, yet subdivision 4 of section 45 is applicable, in that it specifically prescribes the procedure as to party nominations for town, ward, and village officers. In other words, the latter provision·falls within the saving clause in the first sentence of the said section 2, "Except as otherwise herein provided."

It follows that the disposition of the objections made by the town clerk was right, and that the orders must be affirmed, but without costs.